UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| REGINA KRACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:20-CV-313-HAB |
| | ) | |
| ERIC J. HOLCOMB, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Regina Krach ("Krach") has sued Indiana Governor Eric J. Holcomb (the "Governor") challenging certain executive orders made in response to the COVID-19 pandemic. Krach served the Governor at the Governor's mansion on September 8, 2020, via overnight mail. (*See* ECF No. 3). She now asks the Clerk of this Court to enter a default against the Governor as no appearance or answer has been made. (*See* ECF No. 4).

Federal Rule of Civil Procedure 55(a) states that the clerk "must" enter a default where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." However, the duty to "plead or otherwise defend" does not arise until a defendant has been properly served. *Silva v. City of Madison*, 69 F.3d 1368, 1371 (7th Cir. 1995). Therefore, before the Court can grant Krach's request for a default, it must be satisfied that the Governor has been properly served.

The first issue that must be addressed in determining whether the Governor has been properly served is the capacity in which he has been sued. Here, the Governor is being sued in his official capacity. This lawsuit challenges the Governor's executive orders, which can only be issued "within the authority granted to the Governor by the constitution or statutory provision."

*Nass v. State ex rel. Unity Team, Local 9212, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America*, 718 N.E.2d 757, 763 (Ind. Ct. App. 1999). Service, then, must be judged by what is appropriate for suit against a state official sued in his official capacity.

"For the purposes of federal litigation, suits against state employees acting in their official capacity are treated as suits against the state itself." *Rowe v. Lemmon*, 976 N.E.2d 129, 133 (Ind. Ct. App. 2012). Since this action is really against the State of Indiana, the Court must look to Federal Rule of Civil Procedure 4(j)(2) to determine whether service has been accomplished. This, in turn, requires the Court to look to Indiana law. *Valder v. City of Grand Forks*, 217 F.R.D. 491, 493 (D.N.D. 2003).

Indiana Trial Rule 4.6 provides that service upon a state governmental organization can be made by service "upon the executive officer thereof and also upon the Attorney General." Ind. T.R. 4.6(A)(3). Whether or not service upon the Governor at his personal residence is appropriate in an official capacity claim, Krach has not shown that she has served the Indiana Attorney General. Accordingly, she has not properly served the lawsuit, and default is not appropriate.

In light of the foregoing, Krach's Request to Enter Default (ECF No. 4) and Request for Judgment (ECF No. 5) are DENIED. The Clerk of the Court is DIRECTED to prepare summons to the following individuals/entities:

> Governor Eric J. Holcomb
> Office of the Governor
> Statehouse
> 200 W. Washington St.
> Indianapolis, IN 46204-2797
>
> Office of the Indiana Attorney General
> Indiana Government Center South
> 302 W. Washington St., 5th Floor
> Indianapolis, IN 46204

SO ORDERED on October 6, 2020.

                                    &nbssp; s/ Holly A. Brady  
                                     JUDGE HOLLY A. BRADY  
                                     UNITED STATES DISTRICT COURT